FILED

**NOT FOR PUBLICATION**

JAN 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TARSEM SINGH, | No. 07-70668 |
| Petitioner, | Agency No. A097-103-079 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Tarsem Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum and withholding of removal.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001), and de novo questions of law, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding based on the internal inconsistency in Singh's testimony regarding the harm he suffered during his second arrest, *see Li v. Ashcroft*, 378 F.3d 959, 962-64 (9th Cir. 2004), and based on the inconsistencies between Singh's testimony and his supporting affidavits regarding when and where he sought medical treatment and where he hid after his third arrest, *see Chebchoub*, 257 F.3d at 1043 (adverse credibility determination supported in part based on inconsistencies relating to the events leading up to petitioner's departure). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's vague contention that the IJ violated his due process rights because he did not listen to Singh's testimony and failed to apply the appropriate asylum standard is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process violation).

**PETITION FOR REVIEW DENIED.**